# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

GLENN BOWLES,

        Plaintiff,

v.                                                             Case No. 20-13175

MACOMB COMMUNITY COLLEGE, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Glenn Bowles brings this action under 42 U.S.C. § 1983 alleging procedural and substantive due process violations. (ECF No. 12, PageID.272-73, 274-76.) He also brings two claims of libel under state law. (*Id.*, PageID.279-80, 281-82.) According to Plaintiff, he was terminated without justification from his position as an adjunct instructor at the Macomb County Police Academy ("MCPA"). Plaintiff claims he was wrongfully accused of inappropriate touching of students and using excessive force.

On February 11, 2021, Macomb Community College ("MCC"), Plaintiff's former employer, filed a motion to dismiss Plaintiff's claims for violations of procedural due process, § 1983 civil conspiracy, wrongful termination, and civil conspiracy to tortiously interfere with Plaintiff's contractual relationship. (ECF No. 18.) The matter was thoroughly briefed. (ECF Nos. 21-23.)

On May 7, 2021, the court granted in part MCC's motion to dismiss. (ECF No. 29.) The court held that Plaintiff did not state a valid procedural due process claim

against MCC because, under Supreme Court and Sixth Circuit precedent, MCC provided Plaintiff adequate process pre-termination and post-termination. (*Id.*, PageID.748-56.) In addition, the court held that Plaintiff failed to state a § 1983 civil conspiracy claim, and it declined supplemental jurisdiction over Plaintiff's state claims of wrongful termination, civil conspiracy to tortiously interfere with contract, and tortious interference with contract. (*Id.*, PageID.756-63.)

In its procedural due process analysis, the court considered arguments advanced by Plaintiff that he was denied post-termination process because his union representative chose not to pursue a grievance process or arbitration. (*See*, *e.g.*, ECF No. 21, PageID.654, Plaintiff's Response to MCC's Motion to Dismiss ("[Caselaw does not] support[] the Defendant's position that the mere existence of a grievance procedure, which ends in arbitration, suffices to satisfy the requirement that Plaintiff was entitled to a full post-termination evidentiary hearing.").) The court specifically rejected Plaintiff's arguments and concluded that "the union's decision as [his] representative [to not pursue a post-termination evidential hearing] cannot support a claim that Defendant MCC violated due process." (ECF No. 29, PageID.756 (citations removed).) Further, the court considered Plaintiff's claim that the Supreme Court decision *Janus v. American Federation of State, County, and Municipal Employees* supported a different result. 138 S. Ct. 2448 (2018). (*See* ECF No. 21, PageID.651, Plaintiff's Response to MCC's Motion to Dismiss ("[A]n employer and a union may not agree to provisions in a collective bargaining agreement which deprive a union member of his/her constitutional or statutory rights. . . . The Supreme Court so held in *Janus*.").) In the May 7 opinion,

the court explained that "*Janus* does not demand a different conclusion in this case." (ECF No. 29, PageID.755.)

On May 11, 2021, Plaintiff filed a motion for reconsideration of the May 7 opinion. (ECF No. 30.) MCC filed a response on May 24, 2021. (ECF No. 33.)

To prevail on a motion for reconsideration, there must be a "palpable defect" that "misled" the court. E.D Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[C]orrecting the defect" must also "result in a different disposition of the case." E.D Mich. L.R. 7.1(h)(3). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *see also Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (Gadola, J.).

In the motion for reconsideration, Plaintiff states that "a public employee has a property interest in continued employment" and "the employer must, at some point, afford the employee a full evidentiary hearing." (ECF No. 30, PageID.780.) Accordingly, he claims that, under the Due Process Clause, his "union may not exercise [its] discretion" to decline participation in a post-termination evidentiary hearing. (*Id.*, PageID.784.) In addition, Plaintiff states that under *Janus* a collective bargaining agreement cannot "compromise[] a public employee's inviolate right to an evidentiary hearing." (*Id.*, PageID.785.)

The arguments Plaintiff advances in the motion for reconsideration are restatements of the arguments he made in briefing for MCC's motion to dismiss. For instance, the court already considered whether the union's independent choice to not

pursue a post-termination evidentiary hearing on behalf of Plaintiff constitutes a violation of the Due Process Clause on the part of MCC, his employer. (ECF No. 21, PageID.654; ECF No. 29, PageID.756.) The court held, as a matter of law, that MCC did not violate Plaintiff's procedural due process rights. (ECF No. 29, PageID.756.) Further, the court specifically considered and rejected Plaintiff's argument that the *Janus* decision precludes dismissal of his due process claim against MCC. (ECF No. 21, PageID.651; ECF No. 29, PageID.755.) The bulk of Plaintiff's motion for reconsideration is accurately described as an attempt to relitigate issues already reviewed and resolved by the court. Under the Local Rules, motions for reconsideration must be denied when they "merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Thus, reconsideration of the court's May 7 opinion is not justified.

In the motion for reconsideration, Plaintiff also asserts that the "the position advanced by MCC [in its motion to dismiss], and adopted by the Court [in the May 7 opinion]," constitutes a violation of the Equal Protection Clause. (ECF No. 30, PageID.790.) "Consequently," according to Plaintiff, "every decision cited by MCC and the Court which has held that a public employee's right to an evidentiary hearing is satisfied by the grievance-arbitration procedure in the applicable CBA," including two published Sixth Circuit opinions, "is erroneous." (*Id.*, PageID.790.) By Plaintiff's own admission, the legal principles which he now claims violate the Equal Protection Clause were advanced by MCC in its briefing. (ECF No. 30, PageID.790; *see also* ECF No. 18, PageID.462, MCC's Motion to Dismiss ("This post-discharge grievance and hearing procedure provided all of the process due to Plaintiff, regardless of the [union's]

4

reasoned decision not to pursue a grievance.").) Yet only now, in a motion for reconsideration filed after the court issued its opinion, Plaintiff advances a novel theory that the legal reasoning employed by MCC and the court (and numerous circuit courts) is constitutionally suspect. Nowhere in Plaintiff's briefing on the motion to dismiss did he cite or analyze the Equal Protection Clause. (*See* ECF Nos. 21, 23.)

It is well established in the Sixth Circuit and in this district that "[a]rguments raised for the first time in a motion for reconsideration are untimely and forfeited." *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684 (6th Cir. 2012); *United States v. Gordon*, Case No. 18-20834, 2019 WL 3035564, at *1 (E.D. Mich. July 11, 2019) (Roberts, J.) (quoting *Allen v. Henry Ford Health Sys.*, Case No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (Edmunds, J.)) ("[M]otions for reconsideration do not permit 'the losing party to attempt to supplement the record with previously available evidence' or 'raise new legal theories that should have been raised earlier.'").

"[T]here was no reason why [Plaintiff] could not have presented [his Equal Protection Clause] argument" prior to the motion for reconsideration. *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Because Plaintiff chose not to raise his Equal Protection Clause argument in briefing for MCC's motion to dismiss, the court will not consider the argument in a motion for reconsideration. Plaintiff has failed to identify a "palpable defect" by which the court was "misled" in its May 7 opinion, and the motion for reconsideration will be denied.[1] E.D Mich. L.R. 7.1(h)(3). Accordingly,

---

[1] In the motion for reconsideration, Plaintiff states in passing that if the court denies his motion, in the "alternative[], the Court can certify the [case] to the Sixth Circuit Court of Appeals" as an interlocutory appeal. (ECF No. 30, PageID.791.) In

5

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" (ECF No. 30) is DENIED.

                                                              s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2021, by electronic and/or ordinary mail.

                                                              s/Lisa Wagner                 /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-13175.BOWLES.MotionforReconsideration.RMK.docx

---

support of the request, Plaintiff cites merely the statutory section governing interlocutory appeals, 28 U.S.C. § 1292. (*Id.*) He cites no precedent, provides no legal analysis, and gives no explanation why the extraordinary step of an interlocutory appeal is necessary. *See Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. Feb. 4, 2002) (Borman, J.) (citations removed) ("Federal law expresses a strong policy against piecemeal appeals. . . . As such, permission to appeal pursuant to section 1292(b) should only be granted in exceptional circumstances."). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Thus, Plaintiff's unsubstantiated request for certification of interlocutory appeal will be denied.