**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

GLENN BOWLES,

        Plaintiff,

v.                                                Case No. 20-13175

MACOMB COMMUNITY COLLEGE, *et al.*,

        Defendants.
_____/

**ORDER DIRECTING DEFENDANT MACOMB COMMUNITY COLLEGE TO FILE SUPPLEMENTAL BRIEFING**

Plaintiff Glenn Bowles filed his First Amended Complaint, which alleges due process violations and state law claims stemming from his dismissal as a police academy instructor, on January 28, 2021. (ECF No. 12.) Since that time, the court has granted two motions to dismiss brought by various Defendants, and three counts of his complaint remain: two substantive due process claims against Defendants Darga and Macomb County (Counts IV and V) brought under 42 U.S.C. § 1983, and a state law libel claim against Defendant Darga (Count XII). On September 19, 2021, Plaintiff filed a motion for leave to file his Second Amended Complaint. (ECF No. 49.) He seeks to add a procedural due process claim that alleges Defendants Macomb Community College ("College") and Michigan Commission on Law Enforcement Standards violated his liberty interest as protected under the Fourteenth Amendment. (*Id.*) According to Plaintiff, this "stigma plus" due process violation entitles him to a name-clearing hearing. (*Id.*, PageID.1098, 1138.)

On November 4, 2021, the court held a status conference with the parties. Counsel for the College indicated that the College offered Plaintiff the opportunity to attend a name-clearing hearing as he requested. Plaintiff's counsel informed the court that the College's offer was rejected because he did not believe the name-clearing hearing's parameters comported with due process. The College requested that the court permit the parties to indicate on the record what was planned for the name-clearing hearing and the reasons Plaintiff refused to attend. Because the information would further the court's understanding of the parties' positions, the court will grant that request. Accordingly,

IT IS ORDERED that Defendant College is DIRECTED to provide a supplemental brief, not to exceed five pages, addressing whether Plaintiff was already afforded an opportunity for a name-clearing hearing that comported with due process. Plaintiff may file a response no longer than five pages. Defendant College is DIRECTED to submit this supplemental briefing within two weeks of the date of entry of this order.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 8, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-13175.BOWLES.OrderDirectingSupplementalBriefing.MAZ.docx