**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

GLENN BOWLES,

        Plaintiff,

v.                                              Case No. 20-13175

MACOMB COMMUNITY COLLEGE, *et al.*,

        Defendants.
_____/

### ORDER DISMISSING COUNT V OF PLAINTIFF'S AMENDED COMPLAINT

On January 28, 2021, Plaintiff Glenn Bowles filed his First Amended Complaint, which alleges due process violations and state law claims stemming from his dismissal as a police academy instructor. (ECF No. 12.) Since that time, the court has granted two motions to dismiss brought by various Defendants and recently denied Plaintiff's motion for leave to file a second amended complaint. As the court noted in its most recent order, the only remaining claims are "two substantive due process claims against Defendants [Elizabeth] Darga and the Sheriff's Office (Counts IV and V), and a libel claim against Defendant Darga (Count XII)." (ECF No. 60, PageID.1362.)

The court held a status conference on May 5, 2022, during which the parties discussed the entry of a scheduling order and identified each cause of action as to each remaining defendant. At the conference, the parties decided that Count V should be dismissed because the Macomb County Sheriff's Office is not amenable to suit under 42 U.S.C. § 1983; the court agrees. *See, e.g.*, *Gray v. Boose*, No. 4:22-CV-10100, 2022 WL 662294, at *2 (E.D. Mich. Mar. 4, 2022) (Kumar, J.) ("It is well-settled under

Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983."); *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Bayer v. Macomb Cty. Sheriff*, 29 Mich. App. 185 N.W.2d 40, 41 (1970)) (agreeing with the Ingham County Sheriff Department that it is "not a legal entity subject to suit" in Michigan). However, to the extent Plaintiff sought to name Macomb County as a defendant for his substantive due process claim, that claim survives by virtue of Count IV, which names Defendant Darga in both her individual capacity and her official capacity as the Undersheriff of the Macomb County Sheriff's Office. *See, e.g.*, *Hopper v. Plummer*, 887 F.3d 744, 761 n.4 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)) (noting that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). Accordingly,

IT IS ORDERED that Count V of Plaintiff's Amended Complaint (ECF No. 12, PageID.275) is DISMISSED. Three of Plaintiff's claims remain: two substantive due process claims under § 1983 against Defendant Darga in her individual capacity and against Macomb County (Count IV), and a state law libel claim against Defendant Darga (Count XII).

                                                              s/Robert H. Cleland                /
                                                              ROBERT H. CLELAND
                                                              UNITED STATES DISTRICT JUDGE

Dated: May 10, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2022, by electronic and/or ordinary mail.

                                                              s/Lisa Wagner                     /

Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-13175.BOWLES.OrderDismissingCountV.MAZ.docx

3