UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GLENN BOWLES,

        Plaintiff,

v.                                                  Case No. 20-13175

MACOMB COMMUNITY COLLEGE, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Glenn Bowles brings this action under 42 U.S.C. § 1983, alleging due process violations. (ECF No. 12, PageID.270-75.) He also brings a state law libel claim. (*Id.*, PageID.279) Plaintiff alleges that he was wrongfully accused of inappropriately touching students and using excessive force while teaching as an adjunct instructor at the Macomb County Police Academy, administered by Macomb Community College ("College").

On April 20, 2022, the court issued an opinion and order denying Plaintiff's "Motion for Leave to File Second Amended Complaint." (ECF No. 60.) The matter was thoroughly briefed. (ECF Nos. 49, 50, 52, 54, 55, 57, 58.) Now before the court is Plaintiff's motion for reconsideration of the court's April 20 order. (ECF No. 62.) After review, the court finds a hearing unnecessary. E.D. Mich. LR 7.1(f)(1)-(2). For the reasons stated below, the court will deny the motion.

As an initial matter, Plaintiff cited and applied an outdated standard for motions for reconsideration. Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may

move for reconsideration of a non-final order, although they are "disfavored" and may be brought only upon specific grounds. As of December 1, 2021, it is no longer a movant's burden to demonstrate a palpable defect by which the court has been misled, the correction of which would result in a different disposition. Instead, the movant must make a three-part showing that: "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A). But motions for reconsideration "should not be used liberally to get a second bite at the apple." *United States v. Lamar*, No. 19-CR-20515, 2022 WL 327711, at *1 (E.D. Mich. Feb. 3, 2022) (Goldsmith, J.). Indeed, motions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered. *See United States v. Moore*, No. 06-20465, 2022 WL 1251009, at *1 (E.D. Mich. Apr. 27, 2022) (Edmunds, J.) (citing *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997)); *Burn Hookah Bar, Inc. v. City of Southfield*, No. 2:19-CV-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 10, 2022) (Murphy, J.).

In its April 20 order, the court held that permitting Plaintiff to amend his complaint to add a liberty interest would be futile and accordingly denied his motion. (ECF No. 60, PageID.1379-80.) Much of the opinion focused on whether Plaintiff was ever denied a name-clearing hearing that comported with due process. (*Id.*, PageID.1371-79.) The parties mainly disputed whether the College's proposed name-clearing hearing was proper in the absence of a "neutral decisionmaker"—which, in Plaintiff's view, could not be an individual in *any way* associated with the College—and whether that

2

"decisionmaker" could be required to overturn the College's decision to terminate Plaintiff. (*Id.*, PageID.1372-74 ("[T]he parties' sole disagreement is whether the offered name-clearing hearing comported with due process . . . Plaintiff's major gripe with the name-clearing hearing was that there was no 'neutral decisionmaker.'").)

Assuming Plaintiff brings his motion based on some alleged "mistake" under Rule 7.1(h)(2)(A), Plaintiff advances the same arguments that the court previously considered and rejected. He contends that "if the employee succeeds in clearing his name, the employer must reinstate the employee, and reserves the right not to continue his employment in the future if it has *other reasons* not to do so. Otherwise, there would be absolutely no point in requiring that the employer afford the terminated employee a name clearing hearing." (ECF No. 62, PageID.1385 (emphasis in original).) He explains that, to ensure an employee's reinstatement, the decisionmaker must be "neutral" and have the ability to review and reverse an employer's termination decision. (*Id.*) Plaintiff relies on language in *Board of Regents v. Roth*, 408 U.S. 565, 573 n.12 (1972), which stated, "[o]nce a person has cleared his name at a hearing, his employer, of course, may remain free to deny him future employment for other reasons." Yet, as Plaintiff seems to acknowledge, he is repeating precisely the same arguments that the court considered in the parties' briefing of Plaintiff's motion, particularly in Plaintiff's "Motion to Allow Correction of Erroneous Statement in Response" (ECF No. 59). (*See* ECF No. 62, PageID.1385.) The court expressly addressed these contentions. For example, the court explained, in part:

> Plaintiff questions, "[w]hat use is a name clearing hearing if [the College] can simply rubber stamp its termination decision?" (ECF No. 58, PageID.1349.) Thus, Plaintiff's position stems from a belief that a proper name-clearing hearing should be adjudicative in nature and culminate in

3

>his reinstatement to his position as an instructor at the College.[10] But "[t]he point of a name-clearing hearing is not to argue over the reasons for termination. Rather, the point is to give the employee the opportunity to argue, 'You made a statement about me that is ruining my reputation, and that statement is not true.'" *Jennings v. Cty. of Monroe*, 630 F. App'x 547, 556 (6th Cir. 2015) (comparing the difference between the requirements of a *Loudermill* hearing and a name-clearing hearing). Even though "it is certainly possible a public employer may reconsider its decision following such a hearing, the Constitution does not require reconsideration." *O'Brien v. City of Saginaw*, No. 10-12700-BC, 2011 WL 3799649, at *4 (E.D. Mich. Aug. 26, 2011) (Ludington, J.) (quoting *Awrey v. Gilbertson*, No. 10–14242–BC, 2011 WL 2312175, at *4 (E.D. Mich. June 9, 2011)).

(ECF No. 60, PageID.1374-75.) In footnote 10, the court elaborated:

>Plaintiff apparently relies on language in *Roth*, stating that "[o]nce a person has cleared his name at a hearing, his employer, of course, may remain free to deny him future employment for other reasons." (ECF No. 59, PageID.1354-55 (quoting *Roth*, 408 U.S. at 573 n.12.) But this does not mean there must be a "neutral decisionmaker"—as defined by Plaintiff—moderating the name-clearing hearing, particularly where even the Court in *Roth* contemplated that the "opportunity to refute the charge[s]" would be held "before University officials." *Id.* at 573 (emphasis added). Thus, even if it were true that an employer was "obligated to rehire the terminated employee" following a name-clearing hearing, Plaintiff points to no case law requiring the moderator to be completely unaffiliated with the College.

(*Id.*, PageID.1374 n.10.)

In short, Plaintiff used his motion for reconsideration as an attempt to relitigate issues and arguments that the court has previously considered. He has failed to point to a mistake in the court's opinion that affects the outcome of the prior decision.[1] Rather, it is clear Plaintiff merely disagrees with the court's holding. Accordingly,

---

[1] Even if the court accepted Plaintiff's position, he does not explain how "correcting the mistake changes the outcome of the prior decision" as required by Rule 7.1(h)(2)(A), especially in light of the court's analysis—spanning over two pages—addressing how "even without the offered name-clearing hearing, . . . Plaintiff was already afforded the process due to him." (ECF No. 60, PageID.1377-79.)

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" (ECF No. 62) is DENIED.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-13175.BOWLES.DenyingMotionForReconsideration.MAZ.docx