UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Glenn Bowles,

    Plaintiff,

v.

Macomb Community College, *et al*,

    Defendants, Jointly and Severally.

No. 20-cv-13175

HON. ROBERT H. CLELAND

MAG. KIMBERLY G. ALTMAN

---

Marc M. Susselman (P29481)
Attorney for Plaintiff
43834 Brandywyne Rd.
Canton, MI  48187
(734) 416-5186
marcsusselman@gmail.com

Mark Sands (P67801)
Assistant Attorney General
Attorney for Non-Party Michigan Commission on Law Enforcement Standards
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway
East Lansing, MI  48823
(517) 241-0210
SandsM1@michigan.gov

Martin H. Leaf (P43202)
Attorney for Plaintiff
19641 Mack Ave.
Grosse Pointe Woods, MI 48226
(248) 687-9993
leafmartin@gmail.com

John A. Schapka (P36371)
Peter Jensen (P25001)
Attorneys for Defendants Macomb County and Elizabeth Darga
One Main Street, 8th Floor
Mount Clemens, MI 48043
(586) 469-6346

**STIPULATED AGREEMENT FOR PROTECTIVE ORDER BETWEEN PLAINTIFF AND NON-PARTY MICHIGAN COMMISSION ON LAW ENFORCEMENT STANDARDS**

On October 25, 2022, this Court issued an opinion and order granting in part and denying in part non-party Michigan Commission on Law Enforcement Standards' ("Commission") motion to quash Plaintiff's subpoena. R. 75, Opinion and Order, p. 7-8, PageID.1515-16. The Court ordered that the Commission's September 23, 2019 investigative report be produced under a stipulated protective order. R. 75, p. 8, PageID.1516. Pursuant to that Order, upon stipulation of Counsel for Plaintiff and the Commission, and the Court being otherwise fully advised in the premises:

It is hereby ordered that a physical copy of the September 23, 2019 investigative report ("Report") be produced to Plaintiff's counsel no later than November 18, 2022, subject to the following conditions:

1. The Report subject to this protective order shall be used solely and exclusively for the purposes of the instant lawsuit unless otherwise stipulated to by the parties. The identity of specific individuals named in the Report shall not be disclosed in any public filing except as approved by stipulation or by order of the Court.

2. The Report subject to this protective order shall not be used in or for any other case, proceeding, dispute, or for any commercial,

2

business, or competitive purpose whatsoever unless otherwise stipulated to by the parties. No person authorized to view the Report under this Order shall disclose the identity of any individual named in the report, unless otherwise stipulated by the parties or by Order of this Court.

    3.    The Report subject to this protective order may be reviewed by Counsel of the parties, Counsels' staff, those individuals associated with the activities cited in subparagraph (1), and such agents, experts, and/or consultants as Counsel deems necessary for purposes of this litigation. Plaintiff shall inform the Commission of any copy of the Report created to allow an expert to review it. Any expert who receives the Report shall be provided a copy of this protective order and shall indicate their agreement to that order. In addition to agreeing to abide by this order, the expert shall not copy or share this Report with anyone in any format. Further, any expert who receives this Report shall return that copy of the Report to Counsel for the Commission upon the entry of final judgment (including any appellate proceedings) in this case.

4. The Report provided pursuant to this Protective Order may be disclosed only to those individuals and/or entities identified in this protective order and must be used only by those individuals and/or entities identified in this protective order and must only be used for purposes of this litigation.

5. Counsel may review the Report with Plaintiff, but shall not provide Plaintiff with copies of, or permit Plaintiff to make copies of, or have unsupervised access to, the Report.

6. Upon conclusion of the litigation, including any appeals, Counsel for Plaintiff shall return the physical copy of the Report to Counsel for the Commission. To the extent that materials subject to this protective order have been incorporated into attorney work product, Counsel for Plaintiff agrees to destroy that material after a period of two years from the last day of services in this matter, subject at all times to the terms of this Order.

IT IS FURTHER ORDERED that nothing in this protective order shall prevent a party from filing a Motion for Modification of the Protective Order.

IT IS FURTHER ORDERED that this protective order shall survive and remain in full force and effect until the Report has been returned to the Commission following the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation, or if materials subject to this order are contained in attorney-work product, two years after the last day of services in this matter, unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that the documents produced under the protective order do not constitute an admission and/or agreement that any such document is admissible as evidence in this case. Determinations of evidence admissibility will be made by the Court in separate proceedings.

IT IS SO ORDERED.

Dated: November 21, 2022         s/Robert H. Cleland
                                 Hon. Robert H. Cleland
                                 United States District Court Judge


The parties hereby Stipulate and Agree:

/s/ Marc M. Susselman
Marc M. Susselman (P29481)
Attorney for Plaintiff

/s/ Mark G. Sands
Mark G. Sands (P67801)
Assistant Attorney General
Attorney for the Commission