UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GLENN BOWLES,

    Plaintiff,

v.                                                        Case No. 20-13175

ELIZABETH DARGA,

    Defendant.
_____/

**OPINION AND ORDER ALLOWING ASSERTION OF GOVERNMENTAL TORT IMMUNITY DEFENSE AT TRIAL, TERMINATING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER, AND GRANTING PLAINTIFF'S MOTION TO STRIKE**

The parties contest whether Defendant Elizabeth Darga may raise at trial the defense of governmental immunity to Plaintiff's libel claim. Before the court are also Darga's "Motion for Leave to Amend Answer to Plaintiff's First Amended Complaint" (ECF No. 90) and Plaintiff's "Motion to Strike ECF No. 98 and No. 99" (ECF No. 101). As explained below, Darga may raise the governmental immunity defense to Plaintiff's libel claim at trial. Darga's motion will be terminated, and Plaintiff's motion will be granted.

**I. BACKGROUND**

Plaintiff Glenn Bowles' remaining claims arise from Darga's December 4, 2019 email to an investigator of Michigan Commission on Law Enforcement Standards ("MCOLES"), in which Darga wrote:

> I am requesting a copy of your completed investigation into the misconduct committed at the Macomb Police Academy. It has been almost five months since you interviewed our employees. Our employees who were mistreated/victimized by MCOLES certified instructor Glen Bowles deserve an explanation of the findings by your agency.

(ECF No. 12, PageID.268; see ECF No. 95, PageID.2097.) Plaintiff alleges a claim under 42 U.S.C. § 1983 for violation of substantive due process rights against Darga in both her official and individual capacities (Count IV). (ECF No. 12, PageID.274-75.) Plaintiff also brings a libel claim under Michigan law against Darga (Count XII) (Id., PageID.281-82.)

In her Answer to Plaintiff's First Amended Complaint (ECF No. 16), filed on January 29, 2021, Darga asserts, among others, the following immunity-related affirmative defenses:

> 4. Defendant Darga is shielded from liability as to Plaintiff's federal constitutionally predicated claims by the doctrine of qualified immunity.
>
> 5. Defendant Darga is shielded from liability as to Plaintiff's state law predicated claims under MCL 691.1407(5).
>
> . . . .
>
> 12. At all relevant times Defendant Darga acted with good faith and is therefore immune to liability regarding Plaintiff's federal claims.

(ECF No. 16, PageID.429.)

After the other defendants' motions to dismiss and Plaintiff's motion for leave to file an amended complaint were resolved (ECF Nos. 29, 35, 46, 60, 64), on May 5, the court held a status conference during which the parties discussed the entry of the scheduling order and identified each cause of action as to each remaining defendant. (ECF No. 63). The court memorialized the discussion in an order on May 10, in which it specified that "[t]hree of Plaintiff's claims remain: two substantive due process claim under § 1983 against Defendant Darga in her individual capacity and against Macomb County (Count IV), and a state law libel claim against Defendant Darga (Count XII)." (Id., PageID.1391.)

2

On May 11, 2022, the court issued the scheduling order in this case. (ECF No. 65.) The Discovery Cut-off was set for September 6, 2022, which was subsequently extended to September 16, 2022 at the parties' joint request. (*Id.*, at PageID.1397-98; ECF No. 72.)

On December 12, 2022, the date of the final pre-trial conference, Darga asserted that she is immune from intentional tort liability as provided under *Odom v. Wayne Cnty.,* 482 Mich. 459 (2008).[1] On January 20, 2023, Darga submitted a "Memorandum of Law" addressing whether such a defense had been waived. (ECF No. 89.)[2] On her own, Darga also simultaneously moved for leave to amend her Answer to include that defense (ECF No. 90.)

The court scheduled a hearing on January 26, 2023 to address the pending pre-trial issues, including the potential waiver issue. (ECF Nos. 99, 93.) Just before the hearing, Macomb County's "Answer to Plaintiff's First Amended Complaint" was filed. (ECF No. 98.) Therein, Macomb County asserted that it "is shielded from liability as to Plaintiff's state law predicated claim under MCL 691.1407(1)" and that "Co-Defendant Darga is shielded from liability as to Plaintiff's intentional tort claims by common law qualified immunity." (*Id.*, at PageID.2460.)

At the hearing, the court expressed its inclination to find that the defense of governmental immunity has not been waived for trial purposes, but took the issue under

---

[1] The assertion was made through the parties' submissions trial documents and in the final-pretrial conference.
[2] The Memorandum was made at the court's direction following the January 12, 2023 conference.

3

advisement to be addressed in a more detailed opinion. (ECF No. 100, PageID.2486.) The court also took Darga's Motion for Leave to Amend Answer under advisement. (*Id.*)

After the hearing, without receiving leave from the court, Darga filed an "Amended Answer to Plaintiff's First Amended Complaint." (ECF No. 99.)

Trial for this case is currently scheduled for February 15, 2022.

## II.  DISCUSSION

### A.  Waiver of Michigan Governmental Employee Immunity

"Federal law governs whether a defense has been waived in federal court, but state law governs which defenses must be pleaded affirmatively to avoid waiver." *Brent v. Wayne Cnty. Dep't of Hum. Servs.,* 901 F.3d 656, 680 (6th Cir. 2018) (citing *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002)) (addressing waiver of social workers' immunity defense under *Martin v. Children's Aid Soc.*, 215 Mich. App. 88 (1996) and comparing it to governmental employees' immunity defense under *Odom*). There is no dispute that "governmental immunity to individuals is an affirmative defense that individual officials bear the burden of raising and proving," so it "can be waived if not properly pleaded." *Brent,* 901 F.3d at 680. "The question therefore becomes whether, under federal law, [Darga] waived [her] state-law immunity defense." *Id.*

"Federal Rule of Civil Procedure 8(c) requires defendants to raise affirmative defenses in their first responsive pleadings; the failure to do so may result in waiver of the defense." *Id*. (citations omitted). "It is well established, however, that failure to raise an affirmative defense by responsive pleading does not always result in waiver." *Id* (citing *Moore, Owen, Thomas & Co. v. Coffey,* 992 F.2d 1439, 1445 (6th Cir. 1993)).

4

"Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.* "District courts have discretion to determine whether unexcused tardiness in raising a defense, under the facts of a particular case, is in itself sufficiently prejudicial to the plaintiff to warrant a finding of waiver." *Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 751 (6th Cir. 2015).

Plaintiff asserts that he is prejudiced by the late assertion of the governmental employee's tort immunity defense, because had he known of it, he would have structured his strategy differently. (ECF No. 96, PageID.2351.) Additionally, Plaintiff claims that he "did not conduct any discovery relating to th[e] factual issues" relevant to this defense. (*Id.*).

To establish immunity to intentional tort claim, a governmental employee must show:

(a) [Her] acts were undertaken during [her] course of employment and she was acting, or reasonably believed that he was acting, within the scope of his authority,

(b) [Her] acts were undertaken in good faith, or were not undertaken with malice,[3] and

(c) [Her] acts were discretionary, as opposed to ministerial.

*Odom*, 482 Mich. at 480; *see FJN, L.L.C. v. Parakh*, No. 313294, 2014 WL 1234005, at *2 (Mich. Ct. App. Mar. 25, 2014). In his most recent filing, Plaintiff clarifies that

---

[3] Pursuant to *Odom*, one does not act in "good faith" if she acts with a willful or wanton or reckless disregard of the rights of another. *Odom*, 482 Mich. at 474-475. This is a "subjective" test. *Dixon v. Cnty. of Roscommon*, 479 F. App'x 680, 683 (6th Cir. 2012) (citing *Odom*, 482 Mich. at 482).

"conditions (a) and (b) [above] involve questions of fact regarding which Plaintiff has not conducted any discovery." (ECF No. 101, PageID.2503.)

The defense's tardiness, while troublesome and admonishable, is not sufficiently prejudicial to Plaintiff. *See Rogers v. I.R.S.,* 822 F.3d 854, 857 (6th Cir. 2016) (finding that the district court did not abuse discretion when it permitted the late assertion of an affirmative defense because the plaintiff "cannot establish the existence of prejudice"); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (permitting defendant's assertion of affirmative defense in second motion for summary judgment because failure to do so previously did not result in surprise or unfair prejudice to plaintiff). While Darga asserts the wrong type of immunity, immunity was nonetheless raised in her Answer, including one based on her acting with good faith. [4] More importantly, Plaintiff has not been deprived of the opportunity to gather relevant evidence in rebuttal of the governmental employee's tort immunity defense. Darga's actions in her role as a governmental employee and mens rea in making the statements at issue are already parts of Plaintiff's allegations to be proven at trial. Specifically, in Plaintiff's Amended Complaint, he alleged that:

- Darga committed the wrongful act against Plaintiff, not only in her individual, but also official capacities. (ECF No. 12, PageID.274-75.)

---

[4] The court notes that an assertion of governmental immunity should not be so surprising to Plaintiff. Indeed, Plaintiff specifically asserted in her Amended Complaint that "[i]n engaging in her actions, Darga did not act in good faith, but acted maliciously and for an improper purpose, and therefore is not entitled to governmental immunity." (*Id.*, PageID.280) (as part of the dismissed tortious interference with contractual relationship claim against Darga in her individual capacity).

- "By pursuing vendetta against Plaintiff based on events which had occurred ten years earlier, manufacturing and disseminating a false claim . . . and instigating an investigation of Plaintiff based on false claims that he had mistreated cadets, Darga acted arbitrarily and capriciously in a manner that 'shocks the conscience.'" (*Id.*, PageID.275.)
- "Darga published the libelous statement with actual malice and with a reckless disregard for the truth." (*Id.*, PageID.282.)

Similarly, in Plaintiff's trial brief,[5] he submitted that:

- "Darga made the statement with malice and with reckless disregard for the truth. . ." (Ex. A, Plaintiff's Trial Brief, at p. 2.)
- "When Darga made the statement in her capacity as Undersheriff for the Macomb County Sheriff's Dept. [sic.], she made the statement as a chief policy making office[r] for the Dept." (*Id.*)

To the extent Plaintiff needs to obtain additional evidence to rebut Darga's entitlement to government tort immunity, he has an opportunity to do so via Darga's continued deposition, scheduled to be taken two weeks before trial.[6] Plaintiff has not adequately persuaded the court that more discovery beyond that is necessary.

The court is also not persuaded that the rule permitting the assertion of qualified immunity to federal constitutional claims at trial despite failure to do so pre-trial cannot be similarly applied to Michigan government tort immunity. In *Kennedy v. City of*

---

[5] The parties submitted their trial briefs to the court but did not file them. They are attached to this Opinion and Order as Exhibits A and B.
[6] At the hearing on January 26, 2023, the parties agreed to continue Darga's deposition on February 1, 2023. (ECF No. 100.)

*Cleveland*, 797 F.2d 297 (6th Cir. 1986) and *English v. Dyke*, 23 F.3d 1086 (6th Cir. 1994), the Sixth Circuit observed that a valid claim of immunity shields a defendant from not only liability but also the burden of litigation, which are "conceptually distinct." *Kennedy*, 797 F.2d at 299-300; *Eng.*, 23 F.3d at 1089. In *Kennedy,* the court said that "since certain of the interests protected by the doctrines of immunity are conceptually distinct, and all of them are procedurally distinct, the failure to plead immunity may, at different stages of the litigation, work either a partial or complete waiver." *Kennedy*, 797 F.2d at 300. Accordingly, in *English*, the court stated that a waiver of immunity defense "need not waive the defense for all purposes but would generally only waive the defense for the stage at which the defense should have been asserted." *English*, 23 F.3d at 1090. "Thus, for example, a defendant who fails to timely assert the defense prior to discovery may waive the right to avoid discovery but may nonetheless raise the issue after discovery on summary judgment or at trial." *Id.*

While *Kennedy* and *English* involved the qualified immunity defense to federal constitutional claims, Plaintiff has not offered any authority to support the proposition that the rules pronounced in those precedents are limited to that one particular kind of immunity. Plaintiff argues that the "right to qualified immunity [on federal constitutional claims] is so critical to the functioning of government, it can be asserted as late as trial and is not waived." (ECF No. 96, PageID.2343-44.) Yet, effective performance of governmental responsibilities is also the root of the tort immunity granted to Michigan governmental employees. *See Ross v. Consumers Power Co.,* 420 Mich. 567, 628, 633 (1984); *Tarlea v. Crabtree*, 263 Mich. App. 80, 88 (2004) (The [Michigan Government Tort Liability Act] 'takes great pains to protect government[al] employees to enable them

8

to enjoy a certain degree of security as they go about performing their jobs.'"). Like the immunity in *Kennedy* and *English*, Michigan governmental tort immunity protects a governmental employee from not only liability but also the burdens of litigation. *See Tarlea,* 263 Mich. App. at 88. This view is bolstered by the rule that, as with qualified immunity on federal constitutional claims, a denial of governmental immunity on Michigan tort claims is immediately appealable. *Id.*; *Richardson v. Nasser,* 421 F. App'x 611, 618 (6th Cir. 2011).

In short, the court has been offered no persuasive reason why it cannot follow the same rules applied by the Sixth Circuit in *Kennedy* and *English* in this case. As explained above, the court does not find that Plaintiff would be so prejudiced to necessitate a finding of complete waiver of the Michigan tort governmental immunity defense. *English*, 23 F.3d at 1090, n.1. Therefore, Darga may raise it at trial.

### B. Darga's Motion for Leave to Amend Answer

As indicated above, Darga has asserted the governmental employee immunity defense as of December 12, 2022. Amending her Answer now to make such an assertion is superfluous. Darga's motion is terminated as moot.

### C. Plaintiff's Motion to Strike

Because Darga's "Amended Answer" (ECF No. 99) was filed without Plaintiff's written consent or the court's leave, it will be stricken. Fed. R. Civ. P. 15(a)(2). Similarly, Malcolm County's recently filed "Answer" (ECF No. 98), effectively an amendment to Darga's original Answer, will also be stricken.[7] Counsel is hereby cautioned against

---

7   The court notes that this filing, ostensibly to assert Malcolm County's governmental immunity defense to Plaintiff's libel claim, is pointless. Plaintiff's Amended Complaint asserts no libel claim against Malcomb County, directly or through Defendant

9

needless or improper fillings, the continuation thereof may result in the imposition of sanctions.

### III. CONCLUSION

IT IS ORDERED that Darga may raise the defense of governmental employee's tort immunity at trial. Nothing in this Opinion and Order should be construed as determining the merit of that defense, which will be resolved at trial. *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011).

IT IS FURTHER ORDERED that Defendant's "Motion for Leave to Amend Answer to Plaintiff's First Amended Complaint" (ECF No. 90) is TERMINATED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Strike ECF No. 98 and No. 99" is GRANTED. "Defendant Macomb County's Answer to Plaintiff's First Amended Complaint" (ECF No. 98) and "Defendant Elizabeth Darga's Amended Answer to Plaintiff's First Amended Complaint" (ECF No. 99) are STRICKEN.

        s/Robert H. Cleland  /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: February 1, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 1, 2023, by electronic and/or ordinary mail.

        s/Lisa Wagner  /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\20-13175.BOWLES.WaiverGovernmentImmunity.NH.docx

---

Darga (ECF No. 12, PageID.281-82), and the court so specified in its May 10, 2022 Order (ECF No, 63, PageID.1391).